IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

SEAN P. VAN HORN                                                           PETITIONER

No. 2:23-cv-00092 DPM/PSH

C. GARRETT, Warden,                                                         RESPONDENT
FCI-Forrest City

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Sean P. Van Horn ("Van Horn") filed a petition on April 10, 2023 seeking habeas corpus relief pursuant to 28 U.S.C. § 2241.  Van Horn is not challenging his 2022 conviction of attempted enticement of a minor for sex, for which he is serving a 120 month sentence.  Instead, Van Horn, who is incarcerated in Forrest City, Arkansas, contends he has been denied credits to which he is

1

entitled under the First Step Act ("FSA"). The FSA was enacted in 2018 in part to provide additional time credits to be applied toward time in prerelease custody or supervised release. Pub. L. 115-391.

Van Horn alleges he worked in the Education Department at the Forrest City Low institution when the entire staff was terminated on July 28, 2022, because an employee was apprehended with contraband (cell phones and illicit drugs). Van Horn denies any participation with the accused employee and any involvement with the contraband, and states he was never investigated or charged in connection with the incident. While employed at the Education Department Van Horn indicates he was earning federal time credits ("FTC") under FSA provisions. He calculates that he was unjustly denied a total of 206 FTC days due to his termination. Van Horn states he was later hired by Food Service on October 2, 2022, and has been allowed to earn FTC benefits through that work.

Respondent C. Garrett ("Garrett") contends this petition should be dismissed due to Van Horn's admitted failure to exhaust administrative remedies. In his petition, Van Horn appears to concede that he did not exhaust all of the remedies available to him, but asks that this deficiency be excused. The Court sought additional information from Van Horn and Garrett on this issue. *See* Doc. No. 9. Garrett has provided evidence to support his position that Van Horn failed to exhaust. Doc. Nos. 6-2 and 11. Specifically, Garrett provided a declaration from

Rashonda Smith, an associate warden's secretary at FCI Forrest City Low. She described the three-level process to be used by inmates to fully exhaust their administrative remedies. She also provided documentation that Van Horn failed to satisfy the final level of the process because he did not submit a timely appeal to the Office of General Counsel. Doc. No. 6-2 at 4. Van Horn has failed to provide evidence to refute Smith's affidavit testimony and documentation. Instead, Van Horn filed a motion asking the Court to stay the proceedings while he exhausts his remedies at the institution. Doc. No. 15.

The United States Court of Appeals for the Eighth Circuit has consistently held that before seeking federal habeas corpus relief under 28 U.S.C. § 2241, an inmate must exhaust his available administrative remedies. "A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943 (8th Cir. 2009)(citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000)(per curiam)). Administrative exhaustion "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)(internal citations omitted). The Eighth Circuit has identified four objectives that are promoted by the exhaustion requirement: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary

authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976). There are benefits from prior administrative review, even assuming that the Bureau of Prisons ("BOP") denies Van Horn's request. The benefits include a record of the reasons the BOP decided as it did. Further, if Van Horn is correct in his assertions, the BOP "must be given a chance to clean up its act before the courts are asked to intervene." *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

The evidence before the Court establishes that Van Horn failed to exhaust his administrative remedies before filing this habeas petition. The Court recognizes that exhaustion of administrative remedies is not required, however, if attempting to do so would be an exercise in futility. *Lueth v. Beach*, 498 F.3d 795 (8th Cir. 2007). Van Horn claims he has been unable to fully exhaust "due to several impediments created by the prison for which are beyond his personal control." Doc. No. 15 at 1. He has provided no evidence to support this conclusory statement, and he fails to convince the Court that attempting to exhaust would be an exercise in futility. The BOP should therefore be given the opportunity to address Van Horn's argument prior to the presentation of the claims in federal court.

Finally, Van Horn asks the Court to stay this matter so he can exhaust, rather than dismissing it. The clear language of the above-cited case law consistently states that *before* seeking federal habeas corpus relief under 28 U.S.C. § 2241, an inmate must exhaust his administrative remedies. The Court must look to the time of filing to determine if exhaustion had been completed. And at the time of filing in this matter, Van Horn had not exhausted his claim. Dismissal, not a stay, is the appropriate remedy.

As a result, the Court recommends that the petition for writ of habeas corpus be dismissed without prejudice to allow Van Horn to pursue his available administrative remedies. Van Horn's motion for stay (Doc. No. 15) is denied.

IT IS SO ORDERED this 1st day of December, 2023.

                                                  _____
                                                  UNITED STATES MAGISTRATE JUDGE